IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roger Cleveland Golf Company, Inc., | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| Christopher Prince, Sheldon Shelley and | ) | Jury Trial Requested |
| Prince Distribution, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, Roger Cleveland Golf Company, Inc. (the "Plaintiff" or "Cleveland Golf"), as and for its Complaint against defendants, Christopher Prince, Sheldon Shelley, and Prince Distribution, LLC (collectively, the "Defendants"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1.  This is an action for: (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) common law unfair competition; (iv) common law trademark infringement; and (v) violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* As described more fully below, Defendants have sold, offered for sale, or otherwise contributed to the sale of counterfeit Cleveland Golf brand golf clubs, and are therefore liable for direct and/or contributory infringement of Cleveland Golf's lawfully owned trademarks. Defendants'

conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception to the irreparable injury of Cleveland Golf.

2. As a result of Defendants' actions, Cleveland Golf is suffering a loss of the enormous goodwill Cleveland Golf has created in its trademarks and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Cleveland Golf's intellectual property rights.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

4. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendants in this district, as Defendants are domiciled within this district, and as Defendants transact substantial and continuing business within this district. Among other things, Defendants are believed to own, control and operate the websites, copycatclubs.com, worldtimegolf.com, myscrubs4u.com and legacygolfclubs.com (the "Websites") within this district. Upon information and belief, Defendants have used the Websites to advertise and solicit purchases in this district. Because some of the Defendants' wrongful acts involved the offering for sale and sale of products that infringe Cleveland Golf's trademarks, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff, Cleveland Golf, is a California corporation with its principal place of business located at 5601 Skylab Road, Huntington Beach, California, 92647.

7. On information and belief, the Defendant Christopher Prince is a resident of South Carolina with an address of 2427 Scholar Lane, North Charleston, South Carolina, 29406.

8. On information and belief, the Defendant Sheldon Shelley is a resident of South Carolina with an address of 2427 Scholar Lane, North Charleston, South Carolina, 29406.

9. On information and belief, the Defendant Prince Distribution, LLC, is a South Carolina limited liability company with an address of 8819 Tigershark Avenue, North Charleston, South Carolina, 29406.

## FACTS GIVING RISE TO THIS ACTION

### A.  Cleveland Golf And Its Trademark Usage

10. Cleveland Golf manufactures and sells high-quality golf clubs, golf equipment, and apparel. Cleveland Golf is world-renowned for its production of high quality golf wedges, among other products.

11. Cleveland Golf products are sold throughout South Carolina, the United States, and worldwide, through a vast network of authorized resellers.

12. Since at least as early as 1979, long prior to the infringing acts alleged herein, Cleveland Golf and/or its predecessors in interest, have continuously used the trademarks CLEVELAND and CLEVELAND GOLF in commerce in the state of South Carolina in this judicial district and throughout the United States and the world, in connection with the manufacture and sale of a wide variety of golf clubs and golf related products.

13. Cleveland Golf uses, owns and has registered on the Principal Register of the United States Patent and Trademark Office the following marks relevant to this action (hereinafter, the "Cleveland Marks"):

| Mark | Registration No. | Registration Date | Class/Goods |
|---|---|---|---|
| CLEVELAND GOLF | 3,286,218 | August 28, 2007 | 18. Carry all bags, duffel bags, backpacks, shoe bags for travel, and umbrellas.<br>24. Towels.<br>25. Caps, hats, visors, shirts, wind shirts, wind vests, rain jackets, rain vests and rain pants.<br>28. Golf gloves; golf clubs, golf balls, golf club heads, golf club shafts, golf club grips, golf bags, golf bag covers, golf ball shag bags used to store golf balls, golf club head covers, and golf ball bags. |
| CLEVELAND | 2,070,054 | June 10, 1997 | 18. Carry all bags and umbrellas.<br>25. Golf apparel, namely, shirts, caps, visors, sweatshirts and sweater vests.<br>28. Golf clubs, golf club heads, golf club shafts, golf club grips, golf bags, golf bag covers, and golf club head covers. |
| CLEVELAND (stylized)<br>*Cleveland* | 2,070,051 | June 10, 1997 | 18. Carry all bags and umbrellas.<br>25. Golf apparel, namely, shirts, caps, visors, sweatshirts and sweater vests.<br>28. Golf clubs, golf club heads, golf club shafts, |

| Mark | Registration No. | Registration Date | Class/Goods |
|---|---|---|---|
|  |  |  | golf club grips, golf bags, golf bag covers, and golf club head covers. |
| [logo] | 3,613,586 | April 28, 2009 | 28. Golf clubs, namely, wood-type and hybrid-type golf club heads and golf clubs, and golf club head covers. |
| CG14 | 3,575,685 | February 17, 2009 | 28. Golf clubs, namely, wedges. |
| CG12 | 3,501,697 | September 16, 2008 | 28. Golf clubs, namely, wedges. |
| ZIP GROOVES | 3,463,468 | July 8, 2008 | 28. Golf clubs and golf club heads, namely, wedges, iron-type golf clubs and metal wood-type golf clubs and heads. |
| 588 | 3,447,556 | June 17, 2008 | 28. Iron-type golf clubs and golf club heads, namely, wedges. |
| CG10 | 3,421,090 | May 6, 2008 | 28. Golf clubs and golf club heads. |
| HIBORE | 3,262,726 | July 10, 2007 | 28. Golf clubs and golf club heads. |
| SPEED CONTROL | 3,042,313 | January 10, 2006 | 28. Golf clubs, namely golf putters. |
| TOUR ACTION | 3,036,153 | December 27, 2005 | 28. Golf balls. |
| GUTCHECK | 2,810,226 | February 3, 2004 | 28. Golf clubs, namely, putters. |
| GUNMETAL | 2,793,222 | December 9, 2003 | 28. Golf clubs. |
| CG (stylized) [logo] | 2,302,251 | December 21, 1999 | 28. Golf clubs, and golf club heads, namely, woods, irons and putters. |
| C (stylized) [logo] | 1,306,203 | November 20, 1984 | 28. Golf clubs. |

5

| Mark | Registration No. | Registration Date | Class/Goods |
|---|---|---|---|
| GRAY MATTER | 2,276,667 | September 7, 1999 | 28. Golf clubs. |
| HIGH BORE | 2,269,074 | August 10, 1999 | 28. Golf clubs, namely, metal wood-type golf clubs. |
| Launcher | 1,511,907 | November 8, 1988 | 28. Golf clubs. |

14. Cleveland Golf's Federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of Cleveland Golf's exclusive ownership of the Cleveland Marks.

15. Cleveland Golf has invested many millions of dollars and has expended significant time and effort in advertising, promoting and developing its Cleveland Marks throughout the United States and the world. As a result of such advertising and promotion, Cleveland Golf has established substantial goodwill and widespread recognition in its Cleveland Marks, and those marks have become associated exclusively with Cleveland Golf by both customers and potential customers, as well as the general public at large.

16. Increasing such fame and goodwill, many players on the Professional Golf Association tour and the Ladies Professional Golf Association tour use and endorse Cleveland Golf products.

17. To create and maintain such goodwill among its customers, Cleveland Golf has taken substantial steps to ensure that products bearing its Cleveland Marks are of the highest quality. As a result, the Cleveland Marks have become widely known and are recognized

throughout the United States and the world as symbols of high quality products. Customers throughout the United States and throughout the world recognize the Cleveland Golf name and logo, upon which they rely for high quality products and attentive customer service.

18.  As a result of, *inter alia*, the care and skill exercised by Cleveland Golf in the conduct of its business, the high quality of the goods sold under the Cleveland Marks and the extensive advertising, sale, and promotion by Cleveland Golf of its Cleveland Golf branded products, the Cleveland Marks have acquired secondary meaning in the United States, including in the State of South Carolina.

### B. Defendants' Sale of Counterfeit Golf Clubs

19.  Defendants operate and are the registrants of the domain names copycatclubs.com, worldtimegolf.com, legacygolfclubs.com, and myscrubs4u.com (hereinafter, the "Websites"). The Websites each resolve to an online store advertising and offering the "newest clubs from brands such as: Callaway golf, Ping golf, Nike golf, Taylor Made golf, Titleist golf, Cobra golf, Mizuno golf, Cleveland golf, Yes and Odyssey putters... Along with our exceptional customer service, we are your one stop shop for the best COPIED and ORIGINAL golf equipment on the internet." See screenshot of Websites' home page attached hereto as Exh. A.

20.  To lure additional Internet traffic to the Websites from search engine results, the Defendants have used the federally registered trademark, CLEVELAND® in metadata embedded within the Websites.

21.  The Websites also offer a dropshipping service whereby the Defendants offer to fulfill golf clubs orders placed at other online stores. See screenshot of Websites' dropshipping offer attached hereto as Exh. B.

22. To protect its trademarks and to ensure that consumers are getting authentic Cleveland Golf products, Cleveland Golf hires a Mystery Shopper to purchase its products from a variety of sources in the marketplace.

23. In 2009, at the direction of Cleveland Golf, a Mystery Shopper made a purchase of a Cleveland® HiBore® driver, a Cleveland® CG14® Black Pearl wedge, a Cleveland® CG10® wedge, a Cleveland® CG12® wedge, and a Cleveland® 588® wedge from www.copycatclubs.com.

24. The Mystery Shopper sent payment to Defendant Sheldon Shelley's PayPal account, which listed an address of 2427 Scholar Lane, North Charleston, South Carolina, 29406. PayPal's transaction records indicate that Defendants' email address is ashelley502@hotmail.com.

25. The Mystery Shopper received the Cleveland® HiBore® driver, Cleveland® CG14® Black Pearl wedge, Cleveland® CG10® wedge, Cleveland® CG12® wedge, and Cleveland® 588® wedge via an EMS (a worldwide air freight service) package. According to the box the clubs came within, the clubs were shipped to the Mystery Shopper directly from China.

26. Cleveland Golf has determined that the golf clubs received by the Mystery Shopper from the Defendants were counterfeit. The sale by Defendants of counterfeit Cleveland Golf products to the Mystery Shopper is a violation of Federal trademark law.

27. The Defendants in this action have knowingly sold counterfeit Cleveland Golf branded golf clubs to unsuspecting consumers.

C. **The Likelihood of Confusion and Injury Caused by Defendants' Actions**

28. Counterfeit Cleveland Golf clubs are not the same or of the same quality as those manufactured and sold by Cleveland Golf under the Cleveland Marks. As such, consumers who

purchase counterfeit golf clubs bearing the Cleveland Marks are likely to be confused and/or disappointed by obtaining counterfeit golf clubs when they intended to purchase genuine Cleveland Golf clubs. In addition, the sale of counterfeit Cleveland Golf clubs is likely to cause confusion among consumers regarding Cleveland Golf's sponsorship or approval of the counterfeit clubs. As a result of Defendants' actions, Cleveland Golf is suffering a loss of the enormous goodwill Cleveland Golf has created in its Cleveland Marks and is losing profits from lost sales of genuine product.

29.     Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Cleveland Golf's irreparable harm.

## COUNT I
### Trademark Counterfeiting and Infringement under
### 15 U.S.C. §§ 1114(1)(a), 1116 and 1117

30.     The Plaintiff realleges and incorporates by reference paragraphs 1- 29 inclusive of this Complaint as if fully set forth herein.

31.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of Cleveland Golf, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Cleveland Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Cleveland Golf's rights in one of more of the Cleveland Marks in violation of the Lanham Act.

32.     Defendants' use of the counterfeit versions of the Cleveland Marks was willful, intentional and done with the knowledge that the marks used were counterfeit marks, as defined in Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

33.  Specifically, upon information and belief, the Defendants have knowingly purchased counterfeit goods bearing the Cleveland Marks, and are knowingly importing the goods for re-sale in the United States and/or are manufacturing, promoting, and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing goods bearing the Cleveland Marks.

34.  The conduct of the Defendants' counterfeiting and infringing activities is likely to cause, is actually causing, and was willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitutes trademark counterfeiting under 15 U.S.C. § 1114(1)(b).

35.  As a direct and proximate result of the Defendants' actions, Plaintiff has suffered substantial damages. Cleveland Golf is entitled to an injunction and to recover the Defendants' profits, all damages sustained by Cleveland Golf, treble those profits or damages, and the cost of this action, plus interest, under 15 U.S.C. §1117(a) and §1117(b), which amounts are yet to be determined.

36.  As a direct and proximate result of the Defendants' acts of willful trademark counterfeiting, Plaintiff is entitled to elect statutory damages, under 15 U.S.C. § 1117(c)(2), of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants.

### COUNT II
### Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)

37.  The Plaintiff realleges and incorporates by reference paragraphs 1- 36 inclusive of this Complaint as if fully set forth herein.

38.  The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Cleveland Golf, or as to the origin, sponsorship, or approval of counterfeit golf clubs by Cleveland Golf.

39.  The Defendants' counterfeit goods are seemingly identical in appearance to each of Cleveland Golf's genuine goods. The Defendants' counterfeit goods, however, are different and inferior in quality. As such, the Defendants' conduct is likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the counterfeit goods.

40.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages.

41.  Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury and harm to Plaintiff.

## COUNT III
### Unfair Competition under South Carolina Common Law

42.  The Plaintiff realleges and incorporates by reference paragraphs 1-41 inclusive of this Complaint as if fully set forth herein.

43.  By reason of the foregoing, the Defendants have engaged, and continue to engage, in acts of unfair competition in violation of the common law.

44.  Such conduct on the part of the Defendants has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

45. Such conduct on the part of the Defendants has caused and will continue to cause irreparable harm to Plaintiff.

## COUNT IV
### Trademark Infringement Under South Carolina Common Law

46. The Plaintiff realleges and incorporates by reference paragraphs 1- 45 inclusive of this Complaint as if fully set forth herein.

47. As alleged above, Defendant's have infringed Plaintiff's senior common law trademark rights in the Cleveland Marks with the intent to deceive the public into believing that Defendants' products were manufactured by, approved by, sponsored by or affiliated with Cleveland Golf.

48. By reason of Defendants' acts alleged herein, the distinctiveness of the Cleveland Marks has been diluted and their reputation has been harmed. Consequently, Plaintiff has and will suffer damage and injury to its business, reputation and goodwill, for which Plaintiff has no adequate remedy at law.

49. Such conduct on the part of the Defendants has caused and will continue to cause irreparable harm to Plaintiff.

## COUNT V
### Violation of SCUPTA - S.C. Code § 39-5-10, et seq.

50. The Plaintiff realleges and incorporates by reference paragraphs 1- 49 inclusive of this Complaint as if fully set forth herein.

51. The facts alleged above, including Defendants' infringement of Plaintiff's trademarks with the intent to deceive and defraud the public into believing that counterfeit golf clubs were manufactured by, approved by, sponsored by or affiliated with Cleveland Golf,

constitute unfair and deceptive acts or practices in the conduct of trade or commerce in violation of S.C. Code Ann. § 39-5-10 et seq. (the South Carolina Unfair Trade Practices Act).

52. Said conduct affects the public's interest and is capable of repetition.

53. Defendants' actions are a willful and knowing violation of S.C. Code Ann. § 39-5-10, with total disregard for the rights of Plaintiff and the public interest.

54. As a direct result of Defendants' unfair trade practices, Plaintiff has been injured and damaged, and is entitled to recover treble damages, costs, and attorney's fees.

WHEREFORE, the Plaintiff, Cleveland Golf, requests that this Honorable Court:

1. Enter judgment in favor of the Plaintiff, Cleveland Golf, against the Defendants Christopher Prince, Sheldon Shelley, and Prince Distribution, LLC, on all Counts and account for and pay over to Cleveland Golf all of Defendants' profits derived from its unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including treble damages where appropriate, or as an the alternative to profits, $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Defendants as provided for by 15 U.S.C. § 1117(c);

2. Enter a permanent injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from (i) purchasing, distributing, selling, or offering for sale, counterfeit Cleveland Golf clubs, or assisting, aiding, or abetting any other person or entity in doing so; or (ii) using the Cleveland

Marks or marks confusingly similar to the Cleveland Marks in connection with the sale of golf clubs or golf related equipment;

3. Award punitive and exemplary damages against Defendants in favor of Plaintiff by reason of Defendants' intentional or reckless disregard for Plaintiff's rights and the rights of those defrauded;

4. Award treble damages pursuant to S.C. Code Ann. § 39-5-140;

5. Award the Plaintiff its reasonable attorneys' fees and costs;

6. Award the Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

7. Award such other and further relief as it deems just and reasonable.

## Jury Trial Claim

The Plaintiff, Cleveland Golf, claims a trial by jury on all issues so triable.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Janene B. Smith
John C. McElwaine
Federal Bar No. 6710
E-Mail: john.mcelwaine@nelsonmullins.com
Janene B. Smith
Federal Bar No. 9960
E-Mail: janene.smith@nelsonmullins.com
151 Meeting Street / Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401-2239
(843) 853-5200

Pro Hac Vic to be filed
Christopher S. Finnerty
Massachusetts Bar No. 65732
E_mail: chris.finnerty@nelsonmullins.com
Morgan T. Nickerson
Massachusetts Bar No. 667290
E_mail: morgan.nickerson@nelsonmullins.com
One Boston Place, 40th Floor
Boston, MA 02108
(617) 573-4723

Charleston, South Carolina

August 11, 2009