IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roger Cleveland Golf Company, Inc., | ) |
| | ) C/A No. 2:09-CV-2119-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| Christopher Price; Sheldon Shelley; | ) |
| Prince Distribution, LLC; and Bright | ) |
| Builders, Inc., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on Defendant Bright Builders Inc. ("Bright Builders")'s motion for summary judgment filed on September 30, 2010. ECF No. 51. Plaintiff Roger Cleveland Golf Company, Inc. ("Plaintiff" or "Cleveland Golf") filed a response in opposition on October 18, 2010. ECF No. 55. Bright Builders has not filed a reply.

The court has thoroughly reviewed the parties' papers and the relevant portions of the record and finds the motion suitable for disposition without oral argument. Therefore, for the reasons that follow, the court hereby **DENIES** Bright Builders' motion for summary judgment and **ISSUES** an **ORDER TO SHOW CAUSE** why Bright Builders should not be ordered to pay the costs incurred by Plaintiff in responding to this motion.

**I.     BACKGROUND**

Plaintiff, a manufacturer and distributor of golf clubs, golf equipment, and apparel, initiated this action against Defendants Christopher Prince, Sheldon Shelley, and Prince Distribution LLC,

1

on August 12, 2009.  See Compl. ¶ 10, ECF No. 1.[1]  Plaintiff alleged that these Defendants operate and are the registrants of the domain names copycatclubs.com, worldtimegolf.com, and legacygolfclubs.com.  Id. at ¶ 19.  Each of these domain names resolves to an online store advertised as a "wholesaler" that "carry[s] a wide selection of the newest clubs from brands such as: Callaway golf, Ping golf, Nike golf, Taylor Made golf, Titleist golf, Cobra golf, Mizuno golf, Cleveland golf, Yes and Odyssey putters."  Compl. Ex. A, ECF No. 1-1.  The store bills itself as "your one stop shop for the best COPIED and ORIGINAL golf equipment on the internet."  Id. (emphasis in original).

In 2009, a mystery shopper working for Plaintiff made a purchase of several CLEVELAND® brand golf clubs from www.copycatclubs.com.  Compl. ¶ 23, ECF No. 1.  After sending payment to Defendant Shelley's paypal account, the mystery shopper received a shipment of golf clubs that were presented as CLEVELAND® brand golf clubs.  Id. at ¶¶ 24–25.  Plaintiff has since determined that the golf clubs that the mystery shopper received were counterfeit.  Id. at ¶ 26.  As a result, Plaintiff filed the instant action, which states multiple claims related to the alleged infringement of Plaintiff's intellectual property rights.

On February 18, 2010 Plaintiff deposed Defendant Prince.  In the course of that deposition, Plaintiff discovered, "for the first time, Bright Builders, Inc.'s role in the creation and support of the business model and websites through which Plaintiff's trademarks were infringed[.]"  Consent Mot. For Leave to File First Am. Compl. ¶ 3, ECF No. 25.  On March 22, 2010, the parties filed a consent motion seeking leave to file the first amended complaint for the purposes of adding Bright Builders as a defendant.  In support, Plaintiff asserted that it had conducted the necessary investigation into

---

[1] Defendants Prince and Shelley are residents of South Carolina; Defendant Prince Distribution LLC is a limited liability company registered under the laws of South Carolina.  Compl. ¶¶ 7–9, ECF No. 1.

2

the propriety of adding Bright Builders as a defendant and that the motion was justified:

> Plaintiff's claims against Bright Builders arise out of the same transaction or occurrence as the original claims in the Complaint. . . . Bright Builders participated in the design, building, marketing, and support of the business model and websites through which Plaintiff's trademarks were infringed, including but not limited to instructing Defendants on search engine optimization and methods of embedding keywords, such as Plaintiff's federally registered trademarks, into metadata within Defendants' websites and providing Defendants with a complete "Bright Builder Help Team" which, among other things, located vendors to supply the counterfeit products sold through Defendants' websites . . . . Bright Builders . . . knew or should have known from the name of one of Defendants' websites, "copycatclubs.com", from the text contained thereon claiming to be a leading website for "copied" clubs, from the use of Chinese wholesalers to provide clubs for resale on Defendants' websites, and from the use of Plaintiff's trademarks as metatags for those websites that it was participating in trademark infringement.

Id. at ¶ 6.

The Court granted the consent motion and Plaintiff filed the First Amended Complaint on March 23, 2010. First Am. Compl., ECF No. 30. The First Amended Complaint incorporates the allegations against Bright Builders summarized above and is currently the governing complaint in this action. It charges Bright Builders with Contributory and/or Vicarious Trademark Infringement in violation of 15 U.S.C. § 1501, et seq. and common law, id. at ¶¶ 54–62 (Count III); Unfair Competition in violation of South Carolina common law, id. at ¶¶ 63–66 (Count IV); Trademark Infringement in violation of South Carolina common law, id. at ¶¶ 67–71 (Count V); and Violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10, et seq., id. at ¶¶ 72–76 (Count VI).

Currently before the Court is Bright Builders' one-and-a-half page motion, which argues—without a single citation to any authority or facts in the record and without the benefit of any supporting affidavits or exhibits—that it should be dismissed as a defendant from this action.

See Def.'s Summ. J. Mot., ECF No. 51. Plaintiff filed a timely response in opposition to the motion, in which it emphasizes that Bright Builders' motion assumes the resolution in Bright Builders' favor of several disputed material facts. See Pl.'s Resp., ECF No. 55. Plaintiff also requests that the court award it fees incurred in preparing its opposition to Bright Builders' motion. Id. at 9.

## II.　SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Aiken v. Policy Mgmt. Sys. Corp., 13 F.3d 138, 141 (4th Cir. 1993) (citing Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991)). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record," or 'showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); see also Celotex, 477 U.S. at 328 (J. White, concurring) ("[T]he movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.").

In considering a motion for summary judgment, the court looks at the record taken as a whole, with all justifiable inferences drawn in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). All that is required for a court to determine that there is a

genuine issue for trial that precludes summary judgment is "that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz., 391 U.S. at 288–89.

### III. ANALYSIS

#### A. Bright Builders' Motion for Summary Judgment

Bright Builders contends that summary judgment should be granted because "Bright Builders' sole involvement in this case is as a web hosting entity. . . . At no point in time was Bright Builders aware that Mr. Prince was engaged in illegal activities such as selling fake Cleveland golf clubs." Def.'s Mot. 1, ECF No. 51. Bright Builders concludes that "[t]here is no factual evidence supporting this allegation. . . [and] there is no case law which supports extension of liability to a web hoster for activities occurring [sic] and completely directed by someone other than the web hoster." Id. at 2.

Bright Builders' motion lacks any citation to any supporting authority or reference to the record. As such, Plaintiff argues that the motion fails to meet the initial burdens of Rule 56 and violates Local Rules 7.04 and 7.05, which require that every motion filed with the court be accompanied by a memorandum of law that includes, inter alia, "[a] concise statement of the facts . . . with reference to the location in the record," and "[t]he argument . . . relating to the matter before the Court for ruling with appropriate citations." DSC Local Civil Rule 7.05. Failure to comply with these rules is reason alone to deny Bright Builders' motion. See, e.g., Trexler v. Giese, No. 3:09-144-CMC-PJG, 2010 WL 3218883, at *2 (D.S.C. Aug. 12, 2010) (adopting report and recommendation denying motion to dismiss for failure to comply with DSC Local Civil Rule 7.04).

Plaintiff also strongly contests Bright Builders' claim that its only involvement was to "host"

5

the subject websites. Attached to Plaintiff's response are deposition transcripts and other evidence supporting its claim that Bright Builders created and developed the websites, which Bright Builders knew or should have known were meant to sell counterfeit golf equipment. For example, Plaintiff claims that, upon Bright Builders' assurance that Prince would make at least $300 per month from operating his online store, Prince paid Bright Builders $10,000 to provide "coaching and mentoring" services to assist him in building his online business, see Prince Dep. 104:9–15, ECF No. 55-1 at 5; Bright Builders provided Prince with a Project Advisor that had one-on-one discussions with him about developing copycatclubs.com; Prince specifically discussed his ideas about selling golf clubs with his Bright Builders team, at least one member of which encouraged Prince to do so, see Prince Dep. 104:16–105:5, ECF No. 55-1 at 5–6; under Bright Builders' tutelage, Prince opted to "drop ship" his merchandise, a method of doing business that Prince's Project Advisor seemed to acknowledge would not be a profitable way to sell name brand products without "massive" mark ups, Michael Johnson Dep. 110:17–1111, ECF No. 55-5 at 4–5; see also Prince Dep. 102:14–23, ECF No. 55-1 at 4[2]; Bright Builders helped Prince design and build the website copycatclubs.com, whose name alone Plaintiff argues should have put Bright Builders on notice of Prince's intention to sell counterfeit (or "copycat") golf equipment; similarly, Plaintiff argues that the site's content, which expressly anoints itself "your one stop shop for the best COPIED and ORIGINAL golf

---

2    Q.    . . . . Tell me how they described—how they suggested you set up your business, what did they tell you to do?

    A.    Well, I think they're in partnership with like the wholesalers, drop shippers, I'm not sure the particular names of certain ones that they recommend that you go to. But they were like, any wholesaler or drop shipper, you know, that's kind of what you want to look for[.]

Prince Dep. 102:14–23, ECF No. 55-1 at 4.

equipment on the internet," should have put Bright Builders on notice of Price's intention to sell counterfeit golf equipment. Compl. Ex. A, ECF No. 1-1 (emphasis in original).

Bright Builders did not file a reply to Plaintiff's response, which amply demonstrates that there are genuine issues of material fact as to whether Bright Builders participated in Prince's business to such an extent that it may be held liable for trademark infringement, unfair competition, or under SCUTPA. Therefore, Bright Builders' motion for summary judgment is hereby **DENIED**.

### B. Plaintiff's Fee Award Request

Plaintiff argues that Bright Builders' purpose in filing its cursory and unsupported motion "was not a good faith effort to limit Bright Builders' liability in this case, but instead is a bad faith effort to increase [Plaintiff]'s cost, all the while wasting this Court's valuable time and resources." Pl.'s Resp. 1, ECF No. 55. For these reasons, Plaintiff requests that the court not only deny Bright Builders' motion, but also award Plaintiff the fees it incurred in responding. Id. at 9. Federal Rule of Procedure 11 empowers the Court to sanction attorneys and parties for presenting motions for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Pursuant to the Court's authority under Federal Rule of Civil Procedure 11(c)(3), Bright Builders is hereby **ORDERED TO SHOW CAUSE** why the Court should not order it to pay the costs incurred by Plaintiff in responding to Bright Builders' motion.

### IV. CONCLUSION

For the reasons discussed above, the court **DENIES** Bright Builders' motion for summary judgment, ECF No. 51, and **ISSUES** an **ORDER TO SHOW CAUSE** why Bright Builders should not be sanctioned and ordered to pay the costs incurred by Plaintiff in responding to the motion. Bright Builders shall file a response to the Court's Order to Show Cause by Monday, December 13,

2010.

    IT IS ORDERED.

                                                /s/ Margaret B. Seymour
                                                United States District Judge

December 3, 2010

Columbia, South Carolina