IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roger Cleveland Golf Company, Inc., | ) | Civil Action No. 2:09-2119-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher Prince, Prince Distribution LLC, and Bright Builders, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JURY INSTRUCTIONS**

INSTRUCTION NO. 1: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

     Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply; and third, some rules for your deliberations.

     It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the trial.

     In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

INSTRUCTION NO. 2: BURDEN OF PROOF

     At the beginning of the case, I told you that Roger Cleveland Golf Company, Inc. ("Cleveland Golf" or "Plaintiff") has the burden of proving its case by a preponderance of the evidence. That means that Cleveland Golf must produce evidence which, when considered in light

of all the facts, leads you to believe that what it claims is more likely true than not. To put it differently, if you were to put Cleveland Golf's evidence and the evidence of the Defendants on opposite sides of the scales, Cleveland Golf would have to make the scales tip slightly toward its side. If Cleveland Golf fails to meet this burden, the verdict must be for the Defendants.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, that is, it requires more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

To establish a fact by a "preponderance of the evidence" means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

Cleveland Golf has alleged claims for trademark infringement and violation of the South Carolina Unfair Trade Practices Act. The burden of proof is on Cleveland Golf to prove each of the essential elements of each of its claims by a preponderance of the evidence.

### INSTRUCTION NO. 3: EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have agreed or stipulated or that I instruct you to find.

### INSTRUCTION NO. 4: WHAT IS NOT EVIDENCE

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

    (3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

    (4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### INSTRUCTION NO. 5: DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proven by direct or circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

### INSTRUCTION NO. 6: CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

    (1)    was the witness able to see, or hear, or know the things about which that witness testified?

    (2)    how well was the witness able to recall and describe those things?

    (3)    what was the witness's manner while testifying?

    (4)    did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

      (5)      how reasonable was the witness's testimony considered in light of all the evidence in the case?

      (6)      was the witness's testimony contradicted by what that witness had said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

### INSTRUCTION NO. 7: DEPOSITION TESTIMONY

During the trial, some testimony was presented to you through depositions and by way of affidavit. A deposition is the sworn, recorded answers to questions from a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court. The same would apply to the affidavit read to you during the trial.

### INSTRUCTION NO. 8: NOTE-TAKING

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory.

I will now instruct you on the rules of law that apply in this case.

************

### INSTRUCTION NO. 9: TRADEMARK COUNTERFEITING AND INFRINGEMENT

**Instruction No. 9.1: Trademark and Counterfeit Mark - Definition**

A trademark is any word, name, symbol, device or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

A "counterfeit" mark is a non-genuine, copy of the plaintiff's trademark.

**Instruction No. 9.2: Direct Trademark Counterfeiting and Infringement - Liability**

The Court has concluded that Christopher Prince and Prince Distribution, LLC are liable for direct trademark counterfeiting and infringement in violation of the Lanham Act by advertising and selling counterfeit versions of Plaintiff's trademarked golf clubs through the domain name copycatclubs.com.

**Instruction No. 9.3: Contributory Trademark Counterfeiting - Liability**

Cleveland Golf alleges that Defendant Bright Builders is liable for the sale of counterfeit golf clubs through the copycatclubs.com website under the theory of contributory trademark infringement.

In order to prove contributory infringement liability, Cleveland Golf must prove that:

(1) Christopher Prince and/or Prince Distribution, LLC directly violated Plaintiff's trademark;

(2) Bright Builders continued to supply services to the infringer after it knew or had reason to know that the services were being used or would be used to infringe the mark; and

(3) Bright Builders had sufficient control over the means of the infringing conduct to merit liability.

<u>The Court has already found that Cleveland Golf has proven element #1, above. Therefore, you are only to decide whether Cleveland Golf has proven elements #2 and #3, above, by a preponderance of the evidence.</u>

Knowledge in this context means that Bright Builders had more than a general knowledge or reason to know that its service was being used to sell counterfeit goods. Cleveland Golf must show by a preponderance of the evidence that Bright Builders had some contemporary knowledge that the website at issue was being used or would be used in the future for infringing activities.

The knowledge element is satisfied by proof of a preponderance of the evidence that Bright Builders had either actual or constructive knowledge of the infringing activity. Actual knowledge exists where it can be shown by a defendant's conduct or statements that it actually knew of specific instances of direct infringement. Constructive knowledge exists where it can be shown a defendant should have known of the direct infringement.

The knowledge element is similarly satisfied if Cleveland Golf can show by a preponderance of the evidence that Bright Builders was willfully blind to the infringing activity. In other words,

if Bright Builders had reason to suspect that users of its service were engaging in infringing activities, it may not shield itself from learning of the particular infringing transactions by looking the other way. Ignorance is no defense to violations of the Lanham Act.

In determining whether Bright Builders had sufficient control over the infringing activity to merit liability, you should consider whether and to what extent Bright Builders furnished the means for the infringing activity and Bright Builders' ability to terminate its services to the infringers.

**Instruction No. 9.4: Trademark Damages - Statutory Damages**

Because the Court has found that Christopher Prince and Prince Distribution, LLC is liable for direct trademark infringement, you must consider the damage award to which Cleveland Golf is entitled from Christopher Prince and Prince Distribution, LLC as a result. If you find that Bright Builders is also liable for trademark infringement under the theory of contributory liability, then you must also consider the damage award to which Cleveland Golf is entitled from Bright Builders. Under the Federal trademark infringement laws, Cleveland Golf is entitled to recover an award of statutory damages for any use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

In this case, the parties have stipulated that there are eleven (11) registered trademarks of Cleveland Golf that were subject to trademark infringement without authorization.

In determining the amount that Cleveland Golf is to be awarded for each use of a counterfeit mark, you must first determine whether the use of the mark was "willful." A finding of willfulness should ordinarily be made where the defendant knows that its conduct is an infringement or is reckless in not knowing that fact.

If you determine that the use of the counterfeit mark was not willful, then you should award statutory damages in the amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as you consider just.

If you determine that the use of the counterfeit mark was willful, then you should award statutory damages in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as you consider just.

Within these parameters, you are empowered to exercise broad discretion in determining the amount of an award that you consider just. In exercising this discretion, you are to take into account all facts and circumstances bearing on the economic aspect of the infringement, including the actual loss to the Plaintiff and financial gain to the Defendants.

Statutory damages are meant not only to compensate the plaintiff for its losses and disgorge any profits wrongfully earned by defendants, but also to deter infringement, both by the defendants charged in the particular case and others who may be similarly situated.

Statutory damages may also be used to punish infringers. Whether punishment is just in a particular case, and how much punishment is just, requires you to consider several things. First, you must consider degree of fault. If there was little or no fault by the defendant, there may be no basis for any punishment, or the just amount may be small. On the other hand, if the infringement was negligent or reckless or intentional, then you may decide that some greater punishment is just. Second, you must consider the nature of the infringement. Isolated or minor infringements may call for a lesser degree of punishment than systematic or major infringements. This is a matter for your discretion. Third, if you decide that some punishment is called for, you must take into account the economic circumstances of the defendant. This is because an amount that would severely punish a small or poor defendant might have little or no material effect on a large and wealthy defendant. However, you must not punish a defendant solely because it is large or wealthy; you must weigh the facts and circumstances of the case.

In sum, you may consider any and all factors that you deem relevant to determine an amount that you consider just in light of the purposes and functions of a statutory award. For example, you may consider the evidence relating to expenses saved and profits reaped by the defendants in connection with the infringements; the nature of the infringed works; the extent and duration of the infringement; the number of copies made; and the purposes of the infringements. You also may take into account the size and wealth of the infringer and the amount of statutory damages likely to be necessary to deter such an infringer. And, you may take into account prior events and the defendants' intent.

## INSTRUCTION NO. 10: SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

### Instruction No. 10.1: Unfair Trade Practices Act - Definitions

The General Assembly of South Carolina has passed certain laws regarding what are acceptable business practices in South Carolina. One of these laws is known as the South Carolina Unfair Trade Practices Act ("SCUTPA" or the "Act"). SCUTPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

The terms "trade" and "commerce" include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situated, and any trade or commerce directly or indirectly affecting the people of South Carolina. Although the Act defines "trade and commerce" to include the previously mentioned activities, the list is not exclusive. The words, "trade" and "commerce," as used in the Act, are synonymous. Broadly defined, the word "trade" includes the business of buying as well as the business of selling.

### Instruction No. 10.2: Unfair Trade Practices Act - Elements

Cleveland Golf alleges that each of the Defendants violated SCUTPA. In order to recover

7

on its claims under the Act as to each Defendant, Cleveland Golf must prove by a preponderance of the evidence that:

    (1)    the Defendant engaged in an unfair or deceptive act in the conduct of trade or commerce;

    (2)    the unfair or deceptive act affected the public interest; <u>and</u>

    (3)    the Plaintiff suffered monetary or property loss as a result of the Defendant's unfair or deceptive acts.

An unfair trade practice is a practice which is offensive to public policy or which is immoral, unethical, or oppressive. Whether an act or practice is unfair or deceptive within the meaning of the Act in any given action depends upon the surrounding facts and the impact of the transaction on the marketplace. Proof of fraud, however, is not required to establish a violation.

One way that a plaintiff may show that an unfair or deceptive act or practice has an impact upon the public interest is to prove that the acts or practices have the potential for repetition. The potential for repetition may be shown, for example, by presenting proof of specific facts that show either that (1) the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence, or (2) the defendant's procedures create a potential for repetition of the unfair and deceptive acts. However, these are not the only means for showing potential repetition.

If you find that any of the Defendants violated the SCUTPA, then you must also determine whether the violation was "willful." A party willfully violates the SCUTPA when it knew or should have known that its conduct was an unfair method of competition or a deceptive act or practice in the conduct of trade or commerce.

**Instruction No. 10.3: Unfair Trade Practices Act - Damages**

If you find that any of the Defendants violated the SCUTPA, then you must determine the amount of actual damages, if any, incurred by the Plaintiff as a result of each of the Defendant's actions.

The terms "actual" or "compensatory" damages refer to the amount of money adequate to compensate the plaintiff for any loss or injury sustained as a result of the defendant's deceptive actions. In other words, it is the difference in value between that which the plaintiff lost and that which it received as a result of the deceptive conduct. Under the SCUTPA, actual damages include special or consequential damages that are a natural and proximate result of deceptive conduct.

**********

<u>INSTRUCTION NO. 11: DUTY TO DELIBERATE</u>

When you return to the jury room, you should choose a foreperson. The foreperson will preside over the deliberations and speak for the jury here in court.

When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think that it is the right decision.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

### INSTRUCTION NO. 12: RETURN OF VERDICT

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

### INSTRUCTION NO. 13: COMMUNICATING WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any members of the jury on anything concerning the case only in writing, or only here in open court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.